JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1547 AG (SPx) | Date | September 12, 2013 |
|---|---|---|---|
| Title | BRANDON DAMATO, et al. v. WELLS FARGO BANK, N.A. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   **[IN CHAMBERS] ORDER REMANDING CASE**

For several years, this Court has been flooded with foreclosure-related cases removed from California state courts by lenders in what seems to be a routine strategy. These removals sometimes raise challenging issues of federal jurisdiction involving the citizenship of the parties, the amount in controversy, and the existence of a federal question. Of course, they also deny California state courts the opportunity to interpret California law relating to foreclosure. The pressing importance these days of foreclosure law is reflected in the recent comprehensive statutory scheme passed by the California legislature entitled the California Homeowner Bill of Rights, Cal. Civ. Code sections 2920.5, *et seq.*

This is yet another foreclosure-related case removed from state court by Defendant Wells Fargo Bank, N.A. ("Wells Fargo").

Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But "[f]ederal courts 'jealously' guard their own jurisdiction and, where appropriate, will dismiss a case for lack of subject matter jurisdiction even if the issue is not raised by the parties." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 560 (C.D. Cal. 2005) (citing *In re*

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1547 AG (SPx) | Date | September 12, 2013 |
|---|---|---|---|
| Title | BRANDON DAMATO, et al. v. WELLS FARGO BANK, N.A. | | |

*Mooney,* 841 F.2d 1003, 1006 (9th Cir. 1988)); *see* Fed. R. Civ. P. 12(h)(3).  A defendant bears the burden of establishing proper removal, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), and removal jurisdiction should be strictly construed in favor of remand, *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) (citation omitted).  Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566 (citation omitted).

Unlike many foreclosure-related cases, this case does not involve a claim under a federal statute, and Wells Fargo bases removal on diversity jurisdiction alone.

Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  The Court here focuses on diversity, although it is also not convinced that the amount in controversy requirement is met.  *See* Order Remanding Case at 4, *Perez v. Wells Fargo Home Mortg., Inc.*, No. SACV 13-0315 AG (JPRx) (C.D. Cal. Apr. 5, 2013), ECF No. 14 (questioning diversity jurisdiction "under California real property secured transactions law where the lender's remedies are often limited to the value of the real property and where the amount involved might more accurately be the present value of the future rental stream, appropriately discounted to reflect the volatile uncertainty of today's real estate market").

Defendant's claim that diversity exists rests on its assertion that it "is only a citizen of South Dakota for diversity purposes."  (Notice of Removal, Dkt. No. 1, at 8:12–13.)  The Court disagrees.  *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010); Order Granting Motion to Remand at 3, *Moreno v. Wells Fargo, N.A.*, No. SACV 13-0371 AG (RNBx) (C.D. Cal. Apr. 15, 2013) ECF No. 18.

This Court will not further delay the efforts of California residents to seek relief in California courts under laws and statutes largely designed to protect such California residents.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1547 AG (SPx) | Date | September 12, 2013 |
|---|---|---|---|
| Title | BRANDON DAMATO, et al. v. WELLS FARGO BANK, N.A. | | |

**DISPOSITION**

The Court REMANDS this case to the appropriate state court.

: 0

Initials of Preparer  lmb